UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARON ANN VIRGILLO,

    Plaintiff,

    v.

REID REALTY, INC, *et al.*, aka REID REAL ESTATE; TONY COLE; PAM PHILLIPS; KIM WILSON; DOES 1-5,

    Defendants.

Case No. C06-5615 FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants' motion for summary judgment. Defendants' assert that Plaintiff's Complaint for Housing Discrimination, brought pursuant to the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*, is time-barred under the two-year statute of limitations applicable to actions commenced under the Fair Housing Act. The Court, having reviewed all materials submitted by the parties and relied upon for authority, is fully informed and hereby finds Defendants are entitled to summary judgement.

**INTRODUCTION AND BACKGROUND**

This lawsuit was filed by Plaintiff Sharon Ann Virgillo on October 10, 2006, alleging housing discrimination pursuant to the Fair Housing Act, 42 U.S.C. § 3604. Plaintiff asserts that due to her

ORDER - 1

gender she was refused an opportunity to purchase certain property located at 20 SE Terrace Lane in Port Orchard Washington listed for sale by Defendants.

In June 2004, an agent of Reid Realty placed the subject property on the Multiple Listing Service (MLS) on behalf of the seller, Thomas Virgil. In mid-July, prospective purchasers made an offer on the property, and the property was placed on a "subject to inspection" status on the MLS. The proposed purchase did not occur and the property was placed back on the active market on or about July 20, 2004. In late July a prospective purchaser, the Moore/Grobman Trust (Trust), working with Pam Phillips, a buying agent of Reid Realty, made an offer on the subject property. The offer was accepted and a Purchase and Sale Agreement was executed by the Trust on July 27, 2004 and by the Seller on July 31, 2004. The property was returned to "subject to inspection" status on the MLS on August 9, 2004, and placed on a "sale pending" status on August 20, 2004. Property placed on a "subject to inspection" and "pending" status is unavailable for sale to any prospective purchasers. Subsequent to an addendum being added to the Purchase and Sale Agreement, the sale of the property closed on November 12, 2004.

Plaintiff asserts that the individual Defendants, agents of Reid Realty, repeatedly refused her the opportunity from June 26, 2004 to November 3, 2004, to negotiate and purchase the subject property. Plaintiff states she kept calling the real estate agency regarding the property until she finally spoke with the named individual agents of Reid Realty. The purchaser's agent, Pam Phillips, is the only agent that recalls any contact with Plaintiff. Ms. Phillip's notes of October 11, 2004, reflect that Plaintiff called twice saying that she wanted to be in a backup position. This communication occurred while the subject property was subject to the Purchase and Sale Agreement and in a "pending sale" status and not subject to offers of purchase. Additionally, Ms. Philips was the agent of the purchasers and could not act on behalf of another prospective buyer.

On October 27, 2005, the U.S. Department of Housing and Urban Development received a housing discrimination complaint from Plaintiff regarding alleged gender discrimination in relation to

ORDER - 2

Reid Realty and its agents conduct in the sale of the subject property.  This complaint was terminated by a decision of Office of Fair Housing and Equal Opportunity "to take no further action." The basis of termination was the failure of Plaintiff to file a complaint within one year of the alleged discrimination.  The termination letter informed Plaintiff that a civil action could be filed under the Fair Housing Act in Federal District Court not later than two years after the occurrence or termination of the alleged discriminatory housing practice.  The present lawsuit was filed on October 10, 2006.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the opposing party must show that there is a genuine issue of material fact for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).   A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The opposing party may not rest upon the mere allegations or denials of the moving party's pleading, but must present significant and probative evidence to support its claim.  Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  For purposes of this motion, reasonable doubts as to the existence of material facts are resolved against the moving party and inferences are drawn in the light most favorable to the opposing party.  Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is mandated where the facts and the law will reasonably support only one conclusion.

## FAIR HOUSING ACT AND LIMITATION OF ACTIONS

The Fair Housing Act protects against discrimination in housing.  Under the act it is unlawful

ORDER - 3

to refuse to sell after the making of a bona fide offer, or to refuse to negotiate for the sale a dwelling to any person because of race, color, religion, sex, or national origin. It is also unlawful to represent to any person because of race, color, religion, sex, or national origin that any dwelling is not available for sale when such dwelling is in fact so available. 42 U.S.C. § 3604(a) & (d).

Claims under the Fair Housing Act are subject to a two-year statute of limitations. See 42 U.S.C. § 3613(a)(1)(A); Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 939 (6th Cir. 1999). The limitations period begins to run on the date of the last occurrence of discrimination. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 381 (1982). Plaintiff Virgillo has failed to come forth with any evidence of a discriminatory act by the Reid Realty and the individually named defendants within two years prior to the filing of his complaint. Here, the allegedly discriminatory conduct was an alleged refusal of Reid Realty agents to negotiate the sale of certain property to Plaintiff, a female. Plaintiff has presented no evidence that any alleged discriminatory conduct occurred within two years of the filing of the complaint. Two years prior to the date of filing the complaint is October 10, 2004. Any discriminatory conduct that would be subject to suit must have occurred on or after October 10, 2004; two years prior to the filing of the complaint. The property to which Plaintiff sought to negotiate a purchase was subject to a "pending sale" status in August 2004 until the final closing of the sale on November 12, 2004. Thus, the property subject to this controversy was not subject to sale or negotiation on or after October 10, 2004, and any possible discriminatory acts of the Defendants must have occurred prior to the property being taken off the active market. Such conduct, if it occurred, must necessarily be outside the applicable two-year statute of limitations.[1] Without some affirmative evidence of a discriminatory act by Defendants

---

[1] The Court notes that the two-year statute of limitations is tolled during the pendency of an administrative proceeding before the Department of Housing and Urban Development. See, 42 U.S.C. § 3613(a)(1)(B). This tolling provision is inapplicable to Plaintiff as she did not perfect her administrative proceeding within the one-year statute of limitations applicable to the administrative complaint process. See, 42 U.S.C. § (a)(1)(A)(I).

ORDER - 4

between October 24, 2004 and October 24, 2007, Plaintiff's suit is subject to dismissal as untimely.

## CONCLUSION

Construing the evidence in the light most favorable to Plaintiff, there is no evidence that Defendants engaged in a discriminatory act within the two-year statute of limitations. The last date in which a violation the Fair Housing Act could have occurred was prior to the property being subject to a purchase and sale agreement and having been taken off the active sales market. This period is outside the two-year statute of limitations. The action is time-barred.

ACCORDINGLY;

IT IS ORDERED:

Defendants' Motion for Summary Judgment [Dkt. # 32] is **GRANTED**. Plaintiff's action is dismissed, with prejudice.

DATED this 3rd day of December, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5